Filed 12/19/24  P. v. Lu CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083714 |
| v. | (Super.Ct.No. FVII18003090) |
| MING LIANG LU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Camber, Judge. Affirmed.

Ming Liang Lu, in pro. per.; and Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Ming Liang Lu filed a petition requesting resentencing pursuant to Penal Code section 1172.1,[1] which the court summarily denied. On appeal,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, a statement of the case, and requesting that we independently review the record for error.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant contends the court abused its discretion in declining to reduce his sentence on his attempted murder conviction from the upper to the midterm. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

On January 31, 2019, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a), count 1) and assault with a firearm (§ 245, subd. (a)(2), count 2). The jury also found true allegations that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm, intentionally discharged it, and proximately caused great bodily harm in his commission of the attempted murder (§ 12022.53, subds. (b), (c) & (d)). The court sentenced defendant to a total of 22 years in state prison including the aggravated term of nine years on the attempted murder offense. (*Lu*, *supra*, E031035.)

---

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[3] We take judicial notice of this court's unpublished opinion in *People v. Lu* (Aug. 11, 2020, E072432) (*Lu*), from defendant's appeal of the judgment. (Evid. Code, § 459.)

Defendant appealed.  By opinion filed August 11, 2020, this court affirmed the judgment.  (*Lu*, *supra*, E031035.)

On March 6, 2024, defendant submitted a form petition for resentencing pursuant to section 1172.6.  On March 19, 2024, defendant submitted a form petition for resentencing pursuant to sections 1170 and 1170.1.[4]  On March 26, 2024, the superior court indicated by minute order that it had "read and considered correspondence from defendant regarding request for Recall of Sentence and Resentencing Pursuant to [section] 1172.1 dated 3/18/2024."  The court summarily denied the request pursuant to section 1172.1, subdivision (c).

## II.  DISCUSSION

On appeal, defendant contends that section 1172.1 enables a court to resentence a defendant even after the judgment is final.  He maintains the trial court sentenced him to the upper term based on aggravating factors not found true by the jury.  Therefore, defendant argues the court abused its discretion in declining to reduce his sentence from the upper to the midterm.  We affirm.

"When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation [CDCR]

---

[4] The court did not officially file either petition; the indices in the clerk's transcript reflect that they were "NOT FILED."  The indices also indicate that the latter petition was for resentencing pursuant to Assembly Bill No. 600 and section 1172.1, although neither are mentioned in the actual petition.

Effective January 1, 2022, the recall and resentencing provisions of former section 1170, subdivision (d)(1), were moved to new section 1170.03 (Stats. 2021, ch. 719, §§ 1-7), which was then renumbered as section 1172.1 effective June 30, 2022 (Stats. 2022, ch. 58, § 9).

3

. . . the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the [CDCR] or the Board of Parole Hearings in the case of a defendant incarcerated in state prison . . . the district attorney of the county in which the defendant was sentenced . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced. . . .  Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case."  (§ 1172.1, subd. (a)(1))  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)

"In the context of California's determinate sentencing scheme, *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) held that, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt. . . .'  [Citation.]"  (*People v. Lynch* (2024) 16 Cal.5th 730, 742)  "Effective January 1, 2022, . . . section 1170, subdivision (b) . . . was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or

4

have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citation.]" (*Ibid*.) "[T]his amendment applies retroactively to defendants . . . whose judgments were not final on direct appeal at the time the statute took effect." (*Ibid*.) "The 2022 amendment of section 1170(b)(1) and (2) effectively codifies the holding in *Cunningham* . . . ." (*Id*. at p. 757.)

First, as defendant concedes, section 1172.1, subdivision (c), gives the court discretion to decline to respond to a petition submitted pursuant to its auspices if a defendant files the petition himself. Here, defendant filed the petition himself. Thus, the court's denial with an express citation to section 1172.1, subdivision (c), conveys that the court denied the petition on the basis that it was not required to respond to defendant's petition. Therefore, on that basis, the court properly denied the petition.

Second, defendant fails to show that he did not stipulate to or that a jury did not find true any aggravating factors that would have been sufficient for the court to impose the upper term. (*People v. Moore* (2021) 68 Cal.App.5th 856, 866 ["Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]"].) Although the court sentenced defendant prior to the effective date of section 1170, subdivision (b), the court imposed defendant's sentence long after the court decided *Cunningham* in 2007. Therefore, defendant has failed to demonstrate that the sentencing court improperly imposed the aggravated sentence.

Third, appellate counsel did not raise any issue with respect to the court's imposition of the upper term in defendant's appeal from the judgment. (*Lu*, *supra*, E072432.) Ameliorative petitions do not afford the petitioner a new opportunity to raise claims of trial error. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"]; *People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538 ["[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue"]; see *In re Harris* (1993) 5 Cal.4th 813, 829 ["Proper appellate procedure thus demands that, absent strong justification, issues that could be raised on appeal must initially be so presented"].)

Fourth and finally, section 1170, subdivision (b), applies retroactively only to those "defendants . . . whose judgments were not final on direct appeal at the time the statute took effect." (*People v. Lynch*, *supra*, 16 Cal.5th at p. 742.) Defendant's judgment has been final since 2020, long before the effective date of section 1170 on January 1, 2022. "Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally 'deprived of jurisdiction to resentence' a criminal defendant. [Citations.]" (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.) Thus, defendant is not entitled to have his sentence reduced pursuant to section 1170. The court properly denied the petition.

6

## III.  DISPOSITION

The court's order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.